UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBBIE R. ROBINSON,
on behalf of A.G.,

                                        Plaintiff,

                -vs-                                        13-CV-0155-JTC

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,[1]

                                        Defendant.

_____

APPEARANCES:          LAW OFFICES OF KENNETH HILLER
                      (Kenneth R. Hiller, Esq., of Counsel)
                      Amherst, New York
                      Attorneys for Plaintiff

                      WILLIAM J. HOCHUL, JR.
                      United States Attorney, Western District of New York
                      (MARY PAT FLEMING, AUSA, of Counsel)
                      United States Attorney's Office
                      Buffalo, New York
                      Attorneys for Defendant.

        This matter has been transferred to the undersigned for all further proceedings, by

order of Chief United States District Judge William M. Skretny dated November 14, 2013.

Item 13

        Plaintiff Robbie R. Robinson initiated this action pursuant to the Social Security Act,

42 U.S.C. § 405(g), to review the final determination of the Commissioner of Social

---

[1]At the time this action was filed, Michael J. Astrue was the Commissioner of Social Security, and was properly named in the complaint as the defendant under 42 U.S.C § 405(g).  On February 14,  2013, Carolyn W. Colvin became the Acting Commissioner of Social Security, and is hereby substituted as the defendant in this action, pursuant to § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."), and Rule 25(d) of the Federal Rules of Civil Procedure.  For continuity, the court will herein refer to Acting Commissioner Colvin as "Commissioner."

Security ("Commissioner") denying plaintiff's application for Supplemental Security Income

("SSI") benefits made on behalf of her minor child, A.G. Both parties have moved for

judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

For the following reasons, plaintiff's motion is granted, and the Commissioner's motion is

denied.

## BACKGROUND

Plaintiff filed an application on August 27, 2009, for SSI benefits on behalf of A.G.

(Tr. 116-119).[2]   A.G. was born on September 6, 1998 (Tr. 116).   Plaintiff alleged that was

disabled due to learning disability and attention deficit hyperactive disorder (ADHD) with

an onset date of October 1, 2005 (Tr. 121).   Upon denial of the application at the initial

level of agency review (Tr. 81-84), plaintiff filed a timely request for a hearing before an

Administrative Law Judge ("ALJ") (Tr. 86-87).   The hearing was held on April 28, 2011,

before ALJ William E. Straub (Tr. 30-79).   Plaintiff, A.G., and Sharon L. Brown-Williams,

A.G.'s cousin and former foster parent, testified at the hearing.   Plaintiff was represented

by counsel.

In a decision dated May 17, 2011, ALJ Straub found that A.G. was not disabled

within the meaning of the Social Security Act (Tr. 13-26).   Following the sequential

evaluation process for determining disability for children, as outlined in the Social Security

regulations at 20 C.F.R. § 416.924, the ALJ determined that A.G.'s impairments, while

severe, did not meet, medically equal, or functionally equal the severity of any impairment

---

[2]Citations preceded by "Tr." are to pages of the administrative transcript filed by the
Commissioner as part of the answer in this action (Item 6).

listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"), necessary for a finding of eligibility for child's SSI benefits. *Id.*

Plaintiff filed a timely administrative appeal (Tr. 7-9), and on December 20, 2012, the ALJ's decision became the final determination of the Commissioner when the Appeals Council denied plaintiff's request for review (Tr. 1-4). Plaintiff then filed this action on February 12, 2013, seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), and the parties now move for judgment on the pleadings under Fed. R. Civ. P. 12(c) (Items 11, 14).

In support of her motion, plaintiff contends that the ALJ failed to properly evaluate the opinion of a A.G.'s treating psychiatrist and failed to properly assess the credibility of plaintiff's witnesses.   *See* Item 11.   The Commissioner contends that the ALJ's determination is supported by substantial evidence and should be affirmed.  *See* Item 14.

## DISCUSSION

### I.    Scope of Judicial Review

The Social Security Act provides that, upon district court review of the Commissioner's decision, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g). Substantial evidence is defined as evidence which "a reasonable mind might accept as adequate to support a conclusion."  *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938), *quoted in Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999).  The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from

the facts. *Giannasca v. Astrue*, 2011 WL 4445141, at *3 (S.D.N.Y. Sept. 26, 2011) (citing *Rodriguez v. Califano*, 431 F. Supp. 421, 423 (S.D.N.Y. 1977)).

Under these standards, the scope of judicial review of the Commissioner's decision is limited, and the reviewing court may not try the case *de novo* or substitute its findings for those of the Commissioner. *Richardson*, 402 U.S. at 401; *see also Cage v. Comm'r of Soc. Servs.*, 692 F.3d 118, 122 (2d Cir. 2012), *cert. denied,* 133 S.Ct. 2881 (2013). The court's inquiry is "whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982), *quoted in Winkelsas v. Apfel*, 2000 WL 575513, at *2 (W.D.N.Y. February 14, 2000).

However, "[b]efore the insulation of the substantial evidence test comes into play, it must first be determined that the facts of a particular case have been evaluated in the light of correct legal standards." *Klofta v. Mathews*, 418 F. Supp. 1139, 1411 (E.D.Wis. 1976), *quoted in Sharbaugh v. Apfel*, 2000 WL 575632, at *2 (W.D.N.Y. March 20, 2000); *Nunez v. Astrue*, 2013 WL 3753421, at *6 (S.D.N.Y. July 17, 2013) (citing *Tejada*, 167 F.3d at 773). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) (citations omitted). Thus, the Commissioner's determination cannot be upheld when it is based on an erroneous view of the law, or misapplication of the regulations, that disregards highly probative evidence. *See Grey v. Heckler*, 721 F.2d 41, 44 (2d Cir. 1983); *see also Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987) ("Failure to apply the correct legal standards is grounds for reversal."),

4

*quoted in McKinzie v. Astrue*, 2010 WL 276740, at *6 (W.D.N.Y. Jan. 20, 2010).

If the Commissioner's findings are free of legal error and supported by substantial evidence, the court must uphold the decision.  42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied ... the court shall review only the question of conformity with [the] regulations…."); *see Kohler*, 546 F.3d at 265.  "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [the court] will not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).  Even where there is substantial evidence in the record weighing against the Commissioner's findings, the determination will not be disturbed so long as substantial evidence also supports it.  *See Marquez v. Colvin*, 2013 WL 5568718, at *7 (S.D.N.Y. Oct. 9, 2013) (citing *DeChirico v. Callahan*, 134 F.3d 1177, 1182 (2d Cir. 1998) (upholding the Commissioner's decision where there was substantial evidence for both sides)).

In addition, it is the function of the Commissioner, not the reviewing court, "to resolve evidentiary conflicts and to appraise the credibility of witnesses, including claimant." *Carroll v. Sec'y of Health and Human Services*, 705 F.2d 638, 642 (2d Cir. 1983); *cf. Cichocki v. Astrue*, ___ F. App'x ___, 2013 WL 4750284, at *3 (2d Cir. Sept. 5, 2013). "Genuine conflicts in the medical evidence are for the Commissioner to resolve," *Veino*, 312 F.3d at 588, and the court "must show special deference" to credibility determinations made by the ALJ, "who had the opportunity to observe the witnesses' demeanor" while testifying.  *Yellow Freight Sys. Inc. v. Reich*, 38 F.3d 76, 81 (2d Cir.1994).

5

II.     **Standards for Determining Eligibility for Child's Disability Benefits**

Under the Social Security Act, an individual under the age of 18 is entitled to SSI benefits when he or she has a medically determinable physical or mental impairment which results in marked and severe functional limitations and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i). The regulations set forth a sequential process for the ALJ to follow in evaluating SSI claims for minor children. *See* 20 C. F .R. § 416.924. First, the ALJ must determine whether the child has engaged in substantial gainful activity. If so, the child is ineligible for SSI benefits. 20 C.F.R. § 416.924(b). If the child has not engaged in substantial gainful activity, the second step requires an evaluation of whether the child suffers from an impairment or combination of impairments that cause more than a minimal functional limitation. 20 C.F.R. § 416.924(c). If the child's impairment is severe, the ALJ then must determine whether it meets or equals the criteria of an impairment found in the Listings. If the impairment meets or equals a listed impairment, the claimant will be found to be disabled. 20 C.F.R. § 416.924(d)(1).

If the ALJ determines that the child's impairment or combination of impairments does not meet or equal any listing, the ALJ must then assess whether the child's impairment(s) "functionally equal the listings" by considering how the child functions in terms of the following six "domains:"

(i) acquiring and using information;

(ii) attending and completing tasks;

(iii) interacting and relating with others;

(iv) moving about and manipulating objects;

(v) caring for oneself; and

(vi) health and physical well-being.

20 C.F.R. § 416.926a(b)(1)(i)-(vi). A finding of disability is warranted if a "marked" limitation is found in any two of the listed domains, or an "extreme" limitation in a single domain. 20 C.F.R. § 416.926a(a); *see Ramos v. Barnhart*, 2003 WL 21032012, at *8 (S.D.N.Y. May 6, 2003). A "marked" limitation exists when the impairment "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). An "extreme" limitation is an impairment which "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i).

In this case, the ALJ determined at step one of the sequential evaluation that A.G. had not engaged in substantial gainful activity at any time during the relevant period (Tr. 16). At step two, the ALJ reviewed the medical records and found that A.G. suffers from ADHD and a learning disability, causing "more than minimal functional limitations" sufficient to be considered "severe" impairments under 20 C.F.R. § 416.924(c). *Id.*

Proceeding to step three, the ALJ found that A.G. did not have an impairment or combination of impairments that met or medically equaled any impairment in the Listings. *Id.* As required by the regulations, the ALJ then evaluated A.G.'s limitations in terms of the six functional equivalence domains to determine whether they were functionally equivalent to any listed impairment, considering "all of the relevant evidence in the case record" including the objective medical evidence; opinions of treating and consultative sources; educational records and statements from teachers; and hearing testimony and

7

other statements in the record regarding plaintiffs allegations as to the severity of A.G.'s symptoms (Tr. 21-26). The ALJ found that A.G. had less than marked limitations in the domains of acquiring and using information, attending and completing tasks, and interacting and relating with others, and no limitations in the domains of moving about and manipulating objects, caring for herself, and health and physical well-being (Tr. 21-26). Consequently, the ALJ found that A.G. was not disabled during the period at issue from August 7, 2009, the date her SSI application was filed[3] to May 17, 2011, the date of the ALJ's decision,[4] and was therefore not entitled to child's SSI benefits (Tr. 26).

Plaintiff contends that, in making his determination, the ALJ committed the following errors;

1.  The ALJ failed to properly assess the weight to be given to the opinion of treating psychiatrist Dr. Ewen MacPherson;

2.  The ALJ failed to properly assess the credibility of plaintiff and additional witness, Sharon L. Brown-Williams.

Each of these contentions is now addressed in turn.

III.   **Evaluation of Medical Source Opinion Evidence**

The Social Security regulations provide that, in determining eligibility for SSI benefits, the ALJ must consider various factors in deciding how much weight to give to any medical opinion in the record, "[r]egardless of its source," including:

---

[3]SSI benefits cannot be paid any earlier than the month after the month in which the application is filed. 42 U.S.C. § 1382(c)(7); 20 C.F.R. § 416.501.

[4]An application remains in effect until the hearing decision is issued.  20 C.F.R. § 416.330.

> (i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the … physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion.

*Halloran v. Barnhart*, 362 F.3d 28, 32 (2d. Cir. 2004) (citing 20 C.F.R. § 416.927(c)).[5]

Under these rules, the opinions of treating physicians as to the nature and severity of the claimant's impairments are generally given "more weight" than other medical source opinions, and "controlling weight" if  based upon well-supported, medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence.  20 C.F.R. § 416.927(c)(2).  This is because  treating sources "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.*

 The regulations also specify that the Commissioner "will always give good reasons in [her] notice of determination or decision for the weight [she] give[s] [claimant's] treating source's opinion." *Id.*; *see also Halloran*, 362 F.3d at 32; *Schaal v. Apfel*, 134 F.3d 496, 503-04 (2d Cir. 1998) (stating that the Commissioner must provide a claimant with "good reasons" for the lack of weight attributed to a treating physician's opinion).

The regulations further recognize that:

---

[5]20 C.F.R. § 416.927 was amended effective March 26, 2012, with the result that subsection (d) was re-designated as subsection (c), without substantive change.  With regard to this case, the ALJ's decision was issued before the effective date of the amendment, and the Appeals Council's ruling was issued after the effective date.  For continuity, the court will herein refer to 20 C.F.R. § 416.927(c), presently in effect.

> State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.  Therefore, administrative law judges must consider findings and other opinions of State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists as opinion evidence ….

20 C.F.R. § 416.927(e)(2)(i).  Thus, the opinions of consulting sources "may constitute substantial evidence if they are consistent with the record as a whole."  *Barringer v. Commissioner of Social Sec.*, 358 F. Supp. 2d 67, 79 (N.D.N.Y. 2005) (citing *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983); *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996); SSR 96–6p).

In this case, the ALJ's written decision reflects that he assessed the evidence in the record regarding medical source opinions as to the extent of A.G.'s impairments, assigning "very little weight" to the opinion of Dr. MacPherson because his opinion was "inconsistent with the records provided" (Tr. 21).  "Very significant weight" was given to the opinion of the state agency review pediatrician and no weight was accorded the opinion of the consultative examiner. *Id.*

Although not a medical source, "significant weight" was given to the opinion of A.G.'s teacher, Ms. Kimberly Kujawa.  As a teacher, Ms. Kujawa is considered an "other source." *See* 20 C.F.R. § 416.913(d)(2) ("other sources" include "educational personnel such as teachers and daycare workers"). While the opinion of an "other source" cannot "establish the existence of a medically determinable impairment," it may be used as a means of providing insight into a child's degree of impairment and functional ability. *See* SSR 06–03p, 2006 WL 2329939, at *2 (S.S.A. Aug. 9, 2006).  Opinions offered by teachers

"should be evaluated by using the [20 C.F.R. § 416.927] factors," although "[n]ot every factor ... will apply in every case." SSR 06–03p, 2006 WL 2329939, at *5; *see also Bonet ex rel. T.B. v. Astrue*, 2012 WL 3544830, at *7 (N.D.N.Y. Aug. 16, 2012), *aff'd,* 523 F.App'x 58 (2d Cir. 2013). "An opinion from a 'non-medical source' who has seen the claimant in his or her professional capacity may, under certain circumstances, properly be determined to outweigh the opinion from a medical source[.]" SSR 06–03p, 2006 WL 2329939, at *6. For example, this could occur where the "non-medical source" "has seen the individual more often and has greater knowledge of the individual's functioning over time[,]" and that source's opinion "has better supporting evidence and is more consistent with the evidence as a whole." SSR 06–03p, 2006 WL 2329939, at *6.

Plaintiff argues that the ALJ did not give sufficient reasons for rejecting the opinion of Dr. MacPherson and failed to evaluate the regulatory factors.   An ALJ does not have to explicitly walk through these factors, so long as the court can "conclude that the ALJ applied the substance of the treating physician rule ... and provide[d] 'good reasons' for the weight she [gave] to the treating source's opinion." *Halloran v. Barnhart,* 362 F.3d at 32 (quotation omitted).  Here, the ALJ largely rejected the opinion of Dr. MacPherson to the extent that it was inconsistent with the opinion of Ms. Kujawa.  Dr. MacPherson found that A.G. exhibited "severe" inattention, impulsiveness, and hyperactivity and demonstrated marked limitations in acquiring and using information, attending and completing tasks, and interacting and relating with others (Tr. 309-11).  In contrast, Ms. Kujawa found only slight problems in these three domains, with a single note of an "obvious" problem in just one aspect of two of the three domains (Tr. 142-43).  Clearly, the ALJ chose to credit the opinion of the professional who interacts with A.G. on a daily basis and was within his

11

authority to weigh the opinion of A.G.'s teacher against that of the treating psychiatrist.

Plaintiff also argues that the ALJ failed to consider evidence that A.G.'s medication and therapy were not effective in controlling her behavior.  A Treatment Plan Review from Child and Adolescent Treatment Services indicates that A.G. "has made significant improvements " over the course of her treatment, despite the need for additional therapy (Tr. 328).  In addition, Ms. Kujawa noted that A.G. "has shown great improvement in her behavior and conduct in the classroom over the past year. . ." (Tr. 147) and that her medication "assists greatly in maintaining her behavior, mood, and attentiveness" (Tr. 146).  Accordingly, the court finds that the ALJ properly evaluated the opinion evidence in the record from A.G.'s treating psychiatrist and did not err in assessing it little weight based on its inconsistency with other record evidence.

## IV.    Credibility

Finally, plaintiff contends that the ALJ failed to properly assess her credibility and that of Ms. Brown-Williams, with respect to their testimony at the hearing.  The general rule in this regard is that the ALJ is required to evaluate the credibility of testimony or statements about the claimant's impairments when there is conflicting evidence about the extent of pain, limitations of function, or other symptoms alleged.  *See Paries v. Colvin*, 2013 WL 4678352, at *9 (N.D.N.Y. Aug. 30, 2013) (citing *Snell v. Apfel*, 177 F.3d 128, 135 (2d Cir. 1999) ("Where there is conflicting evidence about a claimant's pain, the ALJ must make credibility findings.").  The Commissioner has established a two-step process to evaluate a claimant's testimony regarding her symptoms:

> First, the ALJ must consider whether the claimant has a medically determinable impairment which could reasonably be expected to produce the pain or symptoms alleged by the claimant.  Second, if the ALJ determines

12

that the claimant is impaired, he then must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms. If the claimant's statements about [her] symptoms are not substantiated by objective medical evidence, the ALJ must make a finding as to the claimant's credibility.

*Matejka v. Barnhart*, 386 F. Supp. 2d 198, 205 (W.D.N.Y. 2005), *quoted in Hogan v. Astrue*, 491 F. Supp. 2d 347, 352 (W.D.N.Y. 2007); *see* 20 C.F.R. § 416.929.

The Commissioner's policy interpretation ruling on this process states that:

The finding on the credibility of the individual's statements cannot be based on an intangible or intuitive notion about an individual's credibility. The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision. It is not sufficient to make a conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

SSR 96-7p, 1996 WL 374186, at *4 (S.S.A. July 2, 1996).[6]

Here, the ALJ found the allegations and testimony of plaintiff and A.G. to be partially credible, finding that their testimony did not describe someone who is totally disabled. Plaintiff testified that A.G. does not get along with her siblings and is a "troublemaker" (Tr. 64). She also described some of A.G.'s other behaviors, such as waking up early, trying on numerous outfits, and pulling her hair (Tr. 66, 68). Plaintiff stated that she must repeat instructions and supervise A.G. to make sure she completes her chores (Tr. 62, 66). Additionally, there have been instances where A.G. has thrown away dirty dishes to avoid

---

[6]The Ruling notes that, while the discussion regarding the process for assessing credibility refers only to SSDI claims under title II and SSI claims under title XVI by individuals 18 years or older, "the same basic principles with regard to determining whether statements about symptoms are credible also apply to claims of individuals under age 18 claiming disability benefits under title XVI." SSR 96-7p, 1996 WL 374186, at *1 n.1.

washing them and mixed household cleaners with potentially dangerous results (Tr. 70-71). In contrast, plaintiff testified that A.G. is doing "excellent" in fifth grade, although she was held back twice (Tr. 62). A.G. testified that she "loves" her teacher, is friendly with one or two boys in her class, likes to sing, dance, draw and "make stuff" (Tr. 52-53). A.G. further stated that her medication helps keep her focused during the day (Tr. 54). While A.G.'s conduct is clearly frustrating to plaintiff, the ALJ considered plaintiff's testimony and sufficiently articulated his reasons for determining that the evidence did not demonstrate that A.G. is as limited as plaintiff contends.

Additionally, the ALJ found the testimony of Ms. Brown Williams "not credible and not supported by the objective record as well as the testimony of the claimant and her mother" (Tr. 20). Specifically, the ALJ stated that the record "clearly shows marked improvement with medication and counseling." *Id.* Ms. Brown-Williams testified as to A.G.'s behavior during the year that she cared for her and admitted that she did not see A.G. as frequently at the time of the hearing (Tr. 42). Her testimony was arguably stale and irrelevant as compared to the record evidence of A.G.'s progress, particularly at school. Thus, the ALJ was within his authority to disregard the testimony of Ms. Brown-Williams. Because substantial evidence in the record supports the ALJ's finding of no disability, the court will not substitute its judgment for the ALJ, who was in a better position to assess credibility. Accordingly, remand on this issue is not warranted. *See Hamedallah ex rel. E.B. v. Astrue*, 876 F.Supp.2d 133, 153 (N.D.N.Y. 2012).

## <u>CONCLUSION</u>

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Item 11) is denied, and the Commissioner's motion (Item 14) is granted.  The Clerk is directed to enter judgment accordingly and close the case.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:    June 19, 2014